FILED
BILLINGS DIV.
2007 JUN 20 AM 9 39
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| EDWARD LEE COMER, | CV-06-65-BU-RFC |
| Plaintiff, | |
| vs. | |
| NICK MEYERS, in his individual capacity as Study Abroad Coordinator for the Office of International Programs at Montana State University; GLEN PUFFER, in his individual capacity as Assistant Dean of Students at Montana State University, | ORDER ADOPTING FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| Defendant. | |

On May 24, 2007, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation (*Doc. 30*) on Defendant's Motion for Summary Judgment (*Doc. 14*). Magistrate Judge Ostby recommends the motion be granted as to Count I of Plaintiff's Complaint, which alleges violations of 42 U.S.C. § 1983, on the grounds that Defendants are shielded by qualified immunity. Magistrate Judge Ostby further recommends this Court should decline to exercise supplemental jurisdiction over all remaining counts based solely on state law. For this reason, it is recommended that Counts II - V be dismissed without prejudice.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiff filed objections on June 8, 2007. *Doc. 31*. These objections require this Court to conduct a *de novo* review of those

1

portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 635(b)(1). Plaintiff claims Magistrate Ostby erred in concluding (1) that Plaintiff had no proprietary interest in his Montana State University (MSU) transcript and (2) that Defendants are entitled to qualified immunity with respect to Plaintiff's civil rights claims. For the following reasons, Plaintiff's objections are not well-taken.

One of Plaintiff's allegations in this case is that Defendants deprived him of his property interest in his MSU transcripts without due process of law. Defendants assert a hold has been placed on Plaintiff's MSU transcripts because Plaintiff owes MSU money, but that the hold on the transcript will be released once the debt is paid. *Doc. 15,* SUF ¶¶ 44-45. Magistrate Judge Ostby granted summary judgment for Defendants on this issue based on the Ninth Circuit Court of Appeals explicit statement that a college transcript is not owned by the student, but by the university, and thus the student has no property interest in the transcript. *Juras v. Aman Collection Service, Inc.,* 829 F.2d 739, 742-43 (9th Cir. 1987) (affirming Montana *State* University's practice of withholding student transcripts pending payment of student loan debt).

Plaintiff attempts to evade *Juras'* clear holding with the argument that Mont. Code Ann. § 20-25-515 creates a student's property right in a college transcript. Section 20-25-515 provides that colleges may only release a student's academic record when requested by the student or when subpoenaed by a court. As noted by Magistrate Ostby, § 20-25-515 says nothing about a student's property interest in the transcript that is applicable in a dispute with the college and it certainly does not override *Juras*.

Plaintiff also objects to Magistrate Ostby's conclusion that Defendants are entitled to qualified immunity. The qualified immunity doctrine shields government officials from liability

2

for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Headwaters Forest Defense v. County of Humboldt,* 276 F.3d 1125, 1129 (9th Cir. 2002). The Ninth Circuit has described qualified immunity as safeguarding "all but the plainly incompetent or those who knowingly violate the law if officers of reasonable competence could disagree on the issue whether a chosen course of action is constitutional, immunity should be recognized." *Brewster v. Board of Educ. of Lynwood Unified School Dist.,* 149 F.3d 971, 977 (9th Cir. 1998) (internal quotations omitted). For rights to be "clearly established," "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

Magistrate Ostby's conclusion that Defendants are entitled to qualified immunity was based on the fact that whether a student has a property right in continued enrollment at a particular institution is not clearly defined by the law. Although the Supreme Court has in one case assumed that such a right may exist, it has not so held. *Regents of Univ. of Michigan v. Ewing,* 474 U.S. 214, 222-23 (1985). As evidence of the lack of definitive rule on this issue, Magistrate Ostby cited the Seventh Circuit statement that whether or not a student has a due process right in continued enrollment is an open question in that circuit. *Osteen v. Henley,* 13 F.3d 221, 223 (7th Cir. 1993). Further, the Court of Appeals for the Ninth Circuit has apparently not ruled on this issue in a published opinion, although that court has apparently also assumed, without holding, that such a right may exist. *See, e.g. Moore v. Parks,* 141 F.3d 1177 (9th Cir. 1998); *August v. L.A. Comm. College Dist. Board of Trustees,* 848 F.2d 1242 (9th Cir. 1988). Accordingly, this Court cannot say that the right to due process with respect to continued college

enrollment is clearly established. Because Plaintiff alleges deprivation of a right that is not clearly established, Defendants are entitled to qualified immunity.

Having so concluded, the question is whether the Court should exercise supplemental jurisdiction over the remaining claims. As cited by Magistrate Ostby, the Supreme Court has noted in dictum that federal courts should decline jurisdiction over purely state law claims where the federal claims are dismissed before trial. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966). This case is in the preliminary stages and it will not be a sufficient hardship for Plaintiff to bring the state law claims in Montana state court.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and **IT IS HEREBY ORDERED** they be adopted in their entirety:

(1) Defendant's Motion for Summary Judgment (*Doc. 14*) is **GRANTED** with respect to Count I of Plaintiff's Complaint; and

(2) All remaining Counts of Plaintiff's Complaint (*Doc. 1*) are **DISMISSED WITHOUT PREJUDICE.**

The Clerk of Court shall notify the parties of the entry of this Order.

DATED this 20th day of June, 2007.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE